SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000
*Attorneys for Plaintiff MDx Medical, Inc. d/b/a*
*VITALS and UCompareHealthcare*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MDX MEDICAL, INC. d/b/a VITALS and UCOMPAREHEALTHCARE,<br><br>Plaintiff,<br><br>v.<br><br>MDVALUATE, INC. ,<br><br>Defendant. | CIVIL ACTION NO.:<br><br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff MDx Medical, Inc. d/b/a VITALS and UCompareHealthcare ("MDx"), by and through its attorneys, Sills Cummis & Gross P.C., for its Complaint against defendant MDValuate, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.      Defendant has illegally accessed and misappropriated proprietary information of MDx, through the "scraping" of MDx's websites, in breach of MDx's terms of use.

2.      Defendant uses MDx's proprietary information to provide services to third parties, including, on information and belief, services similar to and in competition with those of MDx.

3.      MDx's proprietary information, which includes but is not limited to, physician ratings and reviews, has a large commercial value, which has been diminished, and continues to

diminish as a result of Defendant's unauthorized use and misappropriation of MDx's proprietary information.

4. Defendant has also infringed the trademarks of MDx by using said trademarks on its website to imply that Defendant is able to manage or influence physicians' ratings and reviews on MDx's websites, and that Defendant licenses MDx's data.

5. Defendant's actions infringe on MDx's trademarks, violate statutes regulating the access of data located on protected computer databases, breach Defendant's user contract with MDx, trespass on MDx's property, unjustly enrich Defendant at the expense of MDx, and constitute unfair competition with MDx.

## PARTIES

6. Plaintiff MDx is a Delaware corporation with its principal place of business at 160 Chubb Avenue, Lyndhurst, New Jersey 07071.  MDx is an industry leading company providing a variety of consumer healthcare-related products and services, including but not limited to, physician ratings and reviews.

7. Upon information and belief, Defendant MDValuate is a Delaware corporation with its principal place of business at 9000 E. Nichols Avenue, Suite 112, Centennial, Colorado 80112.  Defendant offers services similar to MDx, including but not limited to, management of physicians' online reputations and competitiveness as represented in various sources, including MDx's websites.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over MDx's claims for trademark infringement, false designation of origin, and violations of the Computer Fraud and Abuse Act pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).  Pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over MDx's remaining claims.

9. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant does business in New Jersey and/or its conduct was directed towards and intended to cause harm to MDx in this District.

## BACKGROUND

10. MDx created and maintains an online database that stores proprietary information on over 1 million healthcare providers, each with various points of data per profile, created using 4.7 billion distinct data elements and several sources of data.

11. MDx creates its own unique proprietary ratings and reviews for healthcare providers and licenses certain healthcare provider ratings.

12. Customers may access MDx's proprietary information in order to search, review, and rate physicians, schedule appointments, purchase healthcare products, and engage in numerous other healthcare-related services.

13. MDx's proprietary information and services allow customers to search over a million doctors and access millions of reviews thereby allowing customers to make informed healthcare decisions.

14. Physicians also have the ability to manage their own respective profiles on MDx's website (**vitals.com**).

15. In an effort to establish and maintain its goodwill, trust, and reputation with its customers, MDx trademarked the following: VITALS and U UCOMPAREHEALTHCARE (the "VITALS Marks").

16. As a result of the reliable, valuable, and expansive services MDx provides, MDx has become an industry leader in the consumer healthcare market.

17. MDx's proprietary information, including its physicians' ratings and reviews, is highly valuable to MDx, and such information was acquired and created as the result of substantial labor, skill, and capital.

18. This proprietary information is salable and MDx currently intends to sell and/or otherwise monetize its data, ratings and reviews.

19. In order to access and utilize MDx's proprietary information and database, customers that enter MDx's websites must agree to MDx's terms of use, links to which are displayed on the first pages of MDx's websites.

20. Further, MDx expressly prohibits and advises on the first pages of its websites that its terms of use prohibit anyone from accessing its proprietary information through its websites and from "copy[ing], reproduc[ing], distribut[ing], transmit[ting], mirror[ing], fram[ing], scrap[ing], extract[ing], wrap[ping], creat[ing] derivative works of, reverse engineer[ing], decompil[ing] or disassembl[ing] any part or aspect of [MDx's] website" ("Restriction Notice").

21. Upon information and belief, Defendant has been scraping MDx's data in violation of MDx's terms of use and Restriction Notice.

22. Defendant knew or should have known of the terms of use and Restriction Notice, and that it exceeded the authority granted by the terms of use, and any expected norms of authorized use.

23. Upon information and belief, Defendant scrapes MDx's websites to obtain, *inter alia*, physician ratings and reviews that are a part of MDx's proprietary information. See (http://www.businessden.com/2015/11/09/healthcare-rating-startup-gets-3m-shot-in-the-arm/

4

24. Defendant has also infringed MDx's trademarks by utilizing, without authorization, the VITALS Marks in its website. See http://www.mdvaluate.com/consumer-online-reputation-and-engagement-core/

25. Defendant's unauthorized scraping of MDx's websites to obtain its proprietary information constitutes unfair competition as Defendant has misappropriated, *inter alia*, one or more of the VITALS Marks and proprietary information and has done so to unfairly compete with MDx.

## COUNT I
### (Federal Trademark Infringement Pursuant to 15 U.S.C. § 1114)

26. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

27. MDx has valid trademarks, including but not limited to U.S. Trademark Registration Nos. 4742748, 4742744, and 3612937 for VITALS and 4574546 for U UCOMPAREHEALTHCARE, that are entitled to protection under the Lanham Act.

28. Defendant used and continues to use one or more of the VITALS Marks in connection with the sale and promotion of Defendant's goods and services, including, but not limited to, using one or more of the VITALS Marks on Defendant's website to imply that Defendant is able to manage or otherwise influence the physician ratings and reviews on MDx's websites, and that Defendant licenses MDx's data.

29. Defendant's use of the VITALS Marks is likely to mislead or deceive an appreciable number of ordinarily prudent purchasers as to the source, affiliation, or approval of Defendant's goods or services, in violation of the Lanham Act.

30. MDx has not authorized, licensed, or given permission to Defendant to use the VITALS Marks.

31. Defendant's conduct has been intentional and willful, constituting an exceptional case pursuant to the Lanham Act, 15 U.S.C. § 1117(a).

32. MDx has no adequate remedy at law and, if Defendant's activities are not enjoined, MDx will continue to suffer irreparable harm and injury to its goodwill and reputation.

33. As a result of Defendant's activities, MDx has been damaged in an amount to be determined at trial.

## COUNT II
### (False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))

34. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

35. MDx has valid trademarks that are entitled to protection under the Lanham Act.

36. Defendant used and continues to use one or more of the VITALS Marks in connection with the sale and promotion of Defendant's goods and services, including, but not limited to, using one or more of the VITALS Marks on Defendant's website to imply that Defendant is able to manage or otherwise influence the physician ratings and reviews on MDx's websites, and that Defendant licenses MDx's data.

37. Defendant's use of the VITALS Marks is likely to mislead or deceive an appreciable number of ordinarily prudent purchasers as to the source, affiliation, or approval of Defendant's goods or services, in violation of the Lanham Act.

38. MDx has not authorized, licensed, or given permission to Defendant to use the VITALS Marks.

39. Defendant's conduct has been intentional and willful, constituting an exceptional case pursuant to the Lanham Act, 15 U.S.C. § 1117(a).

40. MDx has no adequate remedy at law and, if Defendant's activities are not enjoined, MDx will continue to suffer irreparable harm and injury to its goodwill and reputation.

41. As a result of Defendant's activities, MDx has been damages in an amount to be determined at trial.

## COUNT III
**(Violations of Computer Fraud and Abuse Act Pursuant to 18 U.S.C. § 1030)**

42. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

43. The Federal Computer Fraud and Abuse Act provides that any person who suffers damages or loss by reason of a violation of the Act may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

44. Violations of the Act include accessing a computer database or website without authorization or exceeding authorized access, and thereby obtaining information from any protected computer database or website causing loss.

45. In violation of the Computer Fraud and Abuse Act, Defendant has intentionally accessed a protected computer of MDx without authorization, wrongfully obtained MDx's proprietary information, and foreclosed MDx's use of its server(s) while Defendant searches and scrapes its data, ratings and reviews thereby causing a loss to MDx of not less than $5,000.

46. MDx is entitled to compensatory damages for the unauthorized accessing and taking of its computer data, punitive damages and the costs of this action, including reasonable attorneys' fees, costs of investigation and costs of litigation.

## COUNT IV
**(Violations of the New Jersey Computer-Related Offenses Act Pursuant to § 2A:38A-3)**

47. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

48. New Jersey Statute § 2A:38A-3 provides:

> A person or enterprise damaged in business or property as a result of any of the following actions may sue the actor therefor in the Superior Court and may recover compensatory and punitive damages and the cost of the suit including a reasonable attorney's fee, costs of investigation and litigation:
>
> a. The purposeful or knowing, and unauthorized altering, damaging, taking or destruction of any data, data base, computer program, computer software or computer equipment existing internally or externally to a computer, computer system or computer network;
>
> \*\*\*
>
> e. The purposeful or knowing accessing and reckless altering, damaging, destroying or obtaining of any data, data base, computer, computer program, computer software, computer equipment, computer system or computer network.

49. At all times, the data contained in MDx's database was the property of MDx.

50. Defendant has purposefully and knowingly accessed and taken data from MDx's websites, network, and database, and utilized MDx's proprietary information without authorization from MDx.

51. By this conduct, Defendant is in violation of New Jersey Statute § 2A:38A-3 and is liable to MDx for compensatory and punitive damages, including reasonable attorney's fees and the cost of litigation.

52. MDx is entitled to compensatory damages for the unauthorized accessing and taking of its computer data, punitive damage and costs of this action, including reasonable attorney's fees, costs of investigation and costs of litigation.

## COUNT V
### (Breach of Contract)

53. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

54. Upon information and belief, when Defendant accessed MDx's proprietary information, it had reasonable notice of, and agreed to, MDx's terms of use.

55. MDx's terms of use are easily discernable and available via links entitled "Terms of use" and "User Agreement," located on the first pages of its websites **vitals.com** and **ucomparehealthcare.com**.

56. As a condition of use, MDx states directly on the first pages of its websites in its Restriction Notice that users are not permitted to "copy, reproduce, distribute, transmit, mirror, frame, scrape, extract, wrap, create derivative works of, reverse engineer, decompile or disassemble any part or aspect of this website."

57. Upon information and belief, Defendant has copied, reproduced, distributed, transmitted, mirrored, framed, scraped, extracted, wrapped, created derivative works of, reverse engineered, decompiled and/or disassembled parts or aspects of MDx's websites, including, but not limited to, scraping MDx's proprietary information involving physician ratings, reviews and data.

58. Defendant knew or should have known that its actions were in breach of MDx's terms of use.

59. As a result of Defendant's conduct, MDx has suffered and continues to suffer actual damages for which it seeks recovery herein.

## COUNT VI
**(Common Law Unjust Enrichment)**

60. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

61. MDx has not authorized, licensed, or given permission to Defendant to use any of MDx's proprietary information, including but not limited to, MDx's physicians' ratings and reviews.

62. Defendant has been unjustly enriched through its derivation of commercial benefit from its unauthorized scraping and repackaging of MDx's proprietary information, including but not limited to, MDx's physicians' ratings and reviews.

63. MDx has no adequate remedy at law and, if Defendant's activities are not enjoined, Defendant will continue to benefit at MDx's expense.

64. As a result of Defendant's activities, MDx has been damaged in an amount to be determined at trial.

## COUNT VII
**(Unfair Competition Pursuant to N.J.S.A. § 56:4-1)**

65. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

66. New Jersey Statute § 56:4-1 provides that "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

67. Defendant deals in the same and similar products and services as MDx and has appropriated, without MDx's authorization, one or more of the VITALS Marks and MDx's proprietary information.

68. Defendant's actions constitute unfair competition pursuant to N.J.S.A. § 56:4-1.

69. MDx has no adequate remedy at law and, if Defendant's activities are not enjoined, MDx will continue to suffer irreparable harm and injury.

70. As a result of Defendant's activities, MDx has been damaged in an amount to be determined at trial.

## COUNT VIII
### (Common Law Unfair Competition)

71. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

72. Defendant's actions, including but not limited to, its scraping of MDx's proprietary information from its websites, misappropriate MDx's property, which has substantial commercial value.

73. Defendant engaged in the above-mentioned actions in an effort to divert business and potential business from MDx.

74. Defendant's actions constitute unfair competition under common law.

75. MDx has no adequate remedy at law and, if Defendant's activities are not enjoined, Defendant will continue to benefit at MDx's expense.

76. As a result of Defendant's activities, MDx has been damaged in an amount to be determined at trial.

## COUNT IX
### (Trespass to Chattels)

77. MDx repeats each of the foregoing allegations as though fully set forth at length herein.

78. Defendant has intentionally intermeddled and interfered with MDx's property by scraping data from MDx's websites, which is housed on MDx's servers.

79. MDx explicitly prohibits customers from scraping data from its websites.

80. Defendant's unauthorized scraping of MDx's websites intentionally intermeddles and interferes with MDx's property, namely, its proprietary information stored on its servers and MDx's use of its computers.

81. As a result of Defendant's activities, MDx has been damaged in an amount to be determined at trial.

**WHEREFORE**, MDx demands:

A. An Order permanently enjoining Defendant from:

(1) accessing MDx's websites and database;

(2) utilizing any MDx proprietary information obtained by Defendant from MDx's websites or any other source; and

(3) engaging in unauthorized use of the VITALS Marks.

B. An Order requiring Defendant to destroy (1) any of MDx's data or proprietary information in Defendant's possession, custody, or control; and (2) any promotional materials, advertisements, brochures, or other materials bearing any of the VITALS Marks.

C. An accounting of all sales or profits made by Defendant as a result of the acts complained of herein, including profits derived from the use of MDx's physicians' ratings, reviews and/or data and the use of the VITALS Marks;

D. An award of actual damages suffered by MDx as a result of Defendant's use of the VITALS Marks, in an amount to be determined, trebled;

E. An award of damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among relevant consumers and in the marketplace by virtue of Defendant's unauthorized use of the VITALS Marks.

F. A judgment for compensatory damages in an amount to be determined at trial;

G. A judgment for punitive damages;

H. A judgment for costs, including reasonable attorneys' fees; and

I. Such other relief as the Court deems just and proper.

Dated: December 17, 2015          **SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000


By:   */s/ Trent S. Dickey*
     Trent S. Dickey
     Scott D. Stimpson (*Pro Hac Vice*
        Application to be Submitted)
     Michael J. Pisko

*Attorneys for Plaintiff MDx Medical, Inc.
d/b/a VITALS and UCompareHealthcare*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MDx demands a trial by jury as to all issues so triable in this action.

Dated:  December 17, 2015	**SILLS CUMMIS & GROSS P.C.**
	The Legal Center
	One Riverfront Plaza
	Newark, New Jersey  07102
	(973) 643-7000


	By:  */s/ Trent S. Dickey*
	    Trent S. Dickey
	    Scott D. Stimpson (*Pro Hac Vice*
	       Application to be Submitted)
	    Michael J. Pisko

	*Attorneys for Plaintiff MDx Medical, Inc.
	d/b/a VITALS and UCompareHealthcare*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, counsel of record for plaintiff in the above-referenced matter, hereby certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  December 17, 2015

**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000


By:   */s/ Trent S. Dickey*
    Trent S. Dickey
    Scott D. Stimpson (*Pro Hac Vice*
      Application to be Submitted)
    Michael J. Pisko

*Attorneys for Plaintiff MDx Medical, Inc.
d/b/a VITALS and UCompareHealthcare*

### CERTIFICATION OF NONARBITRABILITY
### PURSUANT TO LOCAL RULE 201.1(d)

I, counsel of record for plaintiff in the above-referenced matter, hereby certify that the relief requested in this matter includes non-monetary relief, and the damages potentially recoverable in this matter exceed the sum of $150,000, exclusive of interest and costs and of any claim for punitive damages.  Accordingly, Local Rule 201.1(d) does not apply to this matter.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated:  December 17, 2015

SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey  07102
(973) 643-7000


By:   */s/ Trent S. Dickey*
    Trent S. Dickey
    Scott D. Stimpson (*Pro Hac Vice*
      Application to be Submitted)
    Michael J. Pisko

*Attorneys for Plaintiff MDx Medical, Inc.
d/b/a VITALS and UCompareHealthcare*